Plaintiff is a Reserve member of the United States Coast Guard on inactive duty status. In this suit he claims entitlement to pay for a 1-month period in 1974 immediately prior to his coming onto active duty and to longevity *1012 credit for pay and allowance purposes for his 3 years of law school prior to his commission as a Law Specialist in 1974. We find his claims to be without merit and accordingly dismiss the petition.
Plaintiff attended the University of Washington School of Law from 1971 to 1974 and took the bar examination in July 1974. He entered the Coast Guard through the Direct Commission Law Specialist Program (Specialist Program). Under this program, qualified law school graduates are commissioned in the Coast Guard Reserve at the grade of lieutenant with 3 years of credit for promotion purposes. In return, they must serve 4 years on active duty and 2 more on inactive duty. This program is different from the Postgraduate Education and Specialized Training Program (Education Program) (law). To enter the Education Program, a person must (1) be on active duty, (2) have had a minimum of 3 years of commissioned service at the date of enrollment, and (3) agree to perform 2 months of active service for every 1 month of training (i.e., education). Under the Education Program, the Coast Guard pays enrollees during their time in school and while preparing for the bar examination. It is undisputed that plaintiff was in the Specialist Program. He was not participating in and was not qualified for the Education Program.
In June 1974, plaintiff received a letter dated June 21, 1974, from the Commandant of the Coast Guard, informing him that he had been appointed a lieutenant in the Coast Guard Reserve, to date from his execution of the oath of office enclosed with the letter. He was to execute the oath within 60 days. The letter also stated, "Pay and allowances accrue from the date of acceptance and oath of office.”
Plaintiff executed the oath of office on July 5, 1974. He then continued his preparation for the bar examination. On August 4, 1974, after taking the examination, he reported to the Coast Guard Recruit Training Center at Yorktown, Virginia. After a few days there, he went to the U.S. Army Judge Advocate General School in Charlottesville, Virginia, for 2 months. He then reported to Juneau, Alaska, where he served on active duty as a Law Specialist until August 3, 1978, at which time he returned to inactive duty for the *1013 remainder of (and beyond) his commitment under the Specialist Program.
Plaintiff argues two entitlements. First, he claims that he should have received active duty pay beginning July 5, 1974, the date he took the oath of office, instead of August 4, 1974, the date he reported for duty. Second, he claims that his years in law school should count not only toward his time in rank (i.e., for promotion purposes only) but also toward his longevity pay during his active duty.
1. The linchpin of plaintiffs active duty argument is the contract he alleges was created by the letter of June 21, 1974. He argues that it entitled him to pay from July 5, 1974, when he accepted his appointment, and that his bar examination preparation was active duty under the contract. However, it is settled beyond dispute that-
"[a] soldier’s entitlement to pay is dependent upon statutory right,” Bell v. United States, 366 U.S. 393, 401 (1961), and that accordingly the rights of the affected service members must be determined by reference to the statutes and regulations governing * * * rather than to ordinary contract principles. [Footnote omitted.]
United States v. Larionoff, 431 U.S. 864, 869 (1977). Accord Bickford v. United States, 228 Ct. Cl. 321, 327, 656 F.2d 636, 641 (1981) (en banc). Therefore, the letter and plaintiffs acceptance of his appointment cannot create rights to pay beyond those statutorily created, whatever the letter appears to promise.
In fact, the letter does not purport to authorize payment beyond that mandated by statute, nor does it suggest directly or indirectly how the statute applies to plaintiff. The letter did state that pay and allowances would accrue from July 5, 1974, but it did not say what pay and allowances. The entire letter is implicitly made subject to statute in the letter’s first sentence-” 1. In accordance with the provisions of Section 593, Title 10, and Section 773, Title 14, U. S. Code * * *”- and it in no way suggests that the pay and allowances accruing would be active duty pay while taking the bar examination. So even if some appointment letters could in themselves create a right to active duty pay (which they cannot), this particular letter did not.
*1014 That being so, we turn to the governing statutes to determine whether plaintiff was entitled to pay between July 5, 1974, and August 3, 1974. A person is entitled to basic pay if he is on active duty. 37 U.S.C. §204(a)(l) (1976); 14 U.S.C. §755(a) (1976) [now §705(a) (Supp. IV 1980)].
"[A]ctive duty” means full-time duty in the active service of a uniformed service, and includes duty on the active list, full-time training duty, annual training duty, and attendance, while in the active service, at a school designated as a service school by law or by the Secretary concerned[.]
37 U.S.C. §101(18) (1976). See also 10 U.S.C. §101(22) (Supp. IV 1980). Plaintiff argues that since section 101 could cover him and because it is used to cover personnel in, for example, the Education Program, it must cover him because he was under contract with the Coast Guard.
As we have said, the alleged contract is irrelevant to this determination. While it may be true that section 101 could cover plaintiff, it did not in this case because he was missing the further, crucial requirement that he be placed on active duty by the secretary of his department. Placement into active duty is within the discretion of the secretary, 10 U.S.C. §672 (Supp. IV 1980); Abruzzo v. United States, 206 Ct. Cl. 731, 737-38, 513 F.2d 608, 611 (1975); DeBow v. United States, 193 Ct. Cl. 499, 504, 434 F.2d 1333, 1335-36 (1970), cert. denied, 404 U.S. 846 (1971), and his discretion was not exercised in this case. The June 21,1974, letter did not order plaintiff to active duty, and plaintiff did not acquire any of the indicia of active duty - full-time service of the United States,[1] military training and indoctrination, supervision by Coast Guard officers - until August 4, 1974, when he reported to the Training Center at Yorktown.
It was not an abuse of discretion for the Coast Guard not to place him on active duty until August 4, 1974. DeBow, 193 Ct. Cl. at 504, 434 F.2d at 1336. The fact that other *1015 personnel in other programs were paid during their preparation for the bar examination does not require that plaintiff be. Those individuals were in another program and they undertook different and more rigorous[2] service commitments. The benefits and limitations of the Specialist Program were not irrational, arbitrary, capricious, or contrary to law, and the Coast Guard fulfilled completely its obligations to plaintiff thereunder. Therefore, plaintiff is not entitled to compensation for the period from July 5, 1974, to August 3,1974.
2. Plaintiffs claim for longevity pay can be dealt with more summarily. He relies on a complex and ultimately tautalogical argument to show that he is entitled to credit for "creditable service authorized by * * * law,” 14 U.S.C. §467 (1976); 14 U.S.C. §755 [now §705 (Supp. IV 1980)], and that, having 3 years of time in rank credit, he should also have 3 years of longevity pay. His situation, however, is far simpler than he seems to believe, and it is governed by a very clear and specific statutory provision.
Two titles of the United States Code apply directly to plaintiffs situation, and they represent two separate and distinct facets of military employment. Title 14 creates the Coast Guard and provides for its organization and structure, rank and promotion; title 37 provides for military pay and allowances for all of the services. Title 14 provides:
Upon appointment as a Coast Guard Reserve officer, a person may be placed in a commensurate position on the Reserve lineal list to reflect his combined years of experience, education, and such other qualifications as may be prescribed by regulations promulgated by the Secretary. Any such person who is appointed for the purpose of or with a view to assignment or designation as a Law Specialist of the Coast Guard Reserve shall, for purposes of this subchapter only, be credited with a minimum amount of service in an active status of three years* * *. [Emphasis supplied.]
*1016 14 U.S.C. §773 (1976) [now §727 (Supp. IV 1980)]. As defined in 14 U.S.C. §770(10),[3] "this subchapter” means sections 770-798 of title 14 (1976), inclusive. Therefore, the 3-year credit is unquestionably limited by law to the organization and rank aspect of plaintiffs employment. The credit has no application to the separate pay and allowances aspect.
The legislative history confirms this interpretation, H.R. Rep. No. 1026, 83d Cong., 1st Sess. 4, 20 (1953). The Comptroller General has also taken this position, Opinion No. B-167666 (Aug. 22, 1969), and we should pay considerable attention to that opinion in this situation. See Lindsey v. United States, 214 Ct. Cl. 574, 579 (1977). The statute is clear and consistent in its meaning and application to plaintiff, so we have no occasion to rely upon canons of statutory interpretation. Plaintiff is entitled to 3 years of credit to his time in rank, for promotion purposes only. He received such credit; he therefore has no claim against the United States.
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that defendant’s motion for summary judgment is granted, plaintiffs cross-motion is denied, and the petition is dismissed.

 It is disingenous to argue that preparation for the bar examination was an intensive review of the law for the purpose of better equipping plaintiff for his Law Specialist position. There are ample personal, nonmilitary reasons to take the bar immediately upon graduation, as evidenced by the fact that the overwhelming majority of law graduates do so.

 Upon completion of law school, an Education Program member will have completed 6 years of active duty (3-year prerequisite plus 3 years in law school) and in addition will have over 5 years of active duty ahead of him (2 months of duty for every 1 of training). Plaintiff was committed to only 4 years of active and 2 years of inactive duty.

 This definition was deleted in the 1980 revision. It was no longer necessary because the equivalent of §773 (§727) is now placed within a designated subchapter: subchapter B, including §§720-746 (Supp. IV 1980).